# ERNST AMMON
## v.
## THE CITY OF CHICAGO.

*Municipal Corporations—Spirituous and Vinous Liquors—Classification of Licenses in Respect to Quantity.*

A municipal ordinance requiring a license before making sales of spirituous or vinous liquors in quantities of one gallon or more at a time, is authorized and valid.

[Opinion filed May 31, 1888.]

APPEAL from the Criminal Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. BLUM & BLUM, for appellant.

Mr. BENJ. F. RICHOLSON, for appellee.

BAILEY, J.    In this case Ernest Ammon, the defendant, was tried, convicted and sentenced to pay a fine of $50 for a violation of the following ordinance of the city of Chicago, viz.:

"Sec. 1.  No person, firm or corporation shall sell, or offer for sale, any spirituous or vinous liquors, in quantities of one gallon or more at a time, within the city of Chicago, without

first having obtained a license therefor from the city of Chicago, under a penalty of not less than fifty nor more than two hundred dollars for each offense; but no distiller who has taken out a license as such, and who sells only distilled spirts of his own production at the place of manufacture, shall be required to pay the license herein prescribed on account of such sales.

" Sec. 2.   All such licenses shall be issued in accordance with the general ordinances of the city concerning licenses, and for every such license there shall be charged at the rate of $250 per annum."

The defendant is charged in the complaint with selling spirituous liquors within said city, in a quantity of more than one gallon, and at the trial, which was had before the court, a jury being waived, it was admitted that, at the time mentioned in the complaint, the defendant was a wholesale liquor dealer in said city, and that as such he made the sale of liquor alleged in the complaint, and that at the time of making such sale he had no license from the city of Chicago to carry on business as a wholesale liquor dealer.

The only ground upon which the defendant seeks to obtain a reversal of the judgment is that the ordinance in question is invalid by reason of the want of legal power on the part of the City Council to pass it. As that question has been conclusively settled adversely to the defendant by the Supreme Court in Dennehy v. City of Chicago, 120 Ill. 627, the judgment must be affirmed.

*Judgment affirmed.*